**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LEONA CLARK, o.b.o. S.R.C.,** ) | **CASE NO. 5:12CV1745** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objections (ECF DKT #19) to the Report and Recommendation (ECF DKT #18) of Magistrate Judge White, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Supplemental Security Income ("SSI").  For the following reasons, the Court ADOPTS Magistrate Judge White's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claim for SSI.

### BACKGROUND

    The following is a factual synopsis of Plaintiff's claims.  The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the

1

facts.

On June 25, 2008, an application was filed on behalf of S.R.C., a child under the age of eighteen, with an alleged disability onset date of April 1, 2003. Her application was denied both initially and upon reconsideration. Plaintiff timely requested an administrative hearing. On February 3, 2011, an Administrative Law Judge ("ALJ") held a hearing during which S.R.C., represented by counsel, and Plaintiff testified. On February 25, 2011, the ALJ found S.R.C. did not have an impairment or combination of impairments that met or functionally equaled the listings. The ALJ's decision became final when the Appeals Council denied further review.

## STANDARD OF REVIEW

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); see also *Richardson v. Perales*, 402 U.S. 389 (1971).

## LAW AND ANALYSIS

To qualify for SSI benefits, an individual must demonstrate a disability as defined under the Act. "An individual under the age of 18 shall be considered disabled . . . if that

2

individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C).

To determine whether a child is disabled, the regulations prescribe a three-step sequential evaluation process. 20 C.F.R. § 416.924(a). At step one, a child must not be engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). At step two, a child must suffer from a "severe impairment." 20 C.F.R. § 416.924(c). At step three, disability will be found if a child has an impairment, or combination of impairments, that meets, medically equals or functionally equals an impairment listed in 20 C.F.R. § 404, Subpt. P, App'x 1; 20 C.F.R. § 416.924(d).

In summary, the ALJ found that S.R.C. has the following severe impairments: attention deficit hyperactivity disorder; a reading disorder; written expression disorder; low average to borderline intellectual functioning; and a history of asthma and allergic rhinitis (20 C.F.R. 416.924(c)). The ALJ found that S.R.C. does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.924, 416.925 and 416.926). The ALJ found that S.R.C. does not have an impairment or combination of impairments that functionally equals the listings (20 C.F.R. 416.924(d) and 416.926a), and has not been disabled, as defined in the Social Security Act, since June 25, 2008, the date the application was filed (20 C.F.R. 416.924(a)). The ALJ found that S.R.C was not disabled.

Plaintiff asserts that the ALJ failed to explain how much weight she gave to the findings of a treating physician, Morton Saunders, D.O. In the Report and Recommendation, the Magistrate Judge determined that the ALJ thoroughly explained the reasons for the weight given to Dr. Saunders' opinion. Plaintiff does not challenge the Magistrate Judge's conclusion in the Objections to the Magistrate Judge's Report and

Recommendation.

Under Social Security regulations, the opinion of a treating physician is entitled to controlling weight if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Meece v. Barnhart*, 192 F. App'x 456, 560 (6th Cir. 2006); 20 C.F.R. § 416.927(c)(2)). The ALJ accepted the opinion of Dr. Saunders that S.R.C. suffered from ADHD, as it is listed among her severe impairments. However, it is well established that a diagnosis alone does not indicate the functional limitations caused by an impairment. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990) (diagnosis of impairment does not indicate severity of impairment). See also *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

Dr. Saunders stated that ADHD was a "major issue" for S.R.C., but does not address any specifics about her functional capabilities. The Commissioner will consider how a child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [ ]self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If a child's impairment results in "marked" limitations in two domains, or an "extreme" limitation in one domain, the impairments functionally equal the listings and the child will be found disabled. 20 C.F.R. § 416.926a(d). To receive SSI benefits, a child recipient must also meet certain income and resource limitations. 20 C.F.R. §§ 416.1100, 416.1201.

The ALJ offered two reasons for giving less weight to the "major issue" statement: (1) on medication, S.R.C. was able to control her symptoms; and (2) the results of S.R.C.'s Evaluation Team Report demonstrate that S.R.C.'s symptoms are not as severe as alleged. The Court agrees with the Magistrate Judge that the ALJ set forth good

4

reasons for rejecting Dr. Saunders' statement.

Plaintiff asserts that the ALJ did not give specific reasons for discrediting portions of Dr. Coleman's opinion, who as a consultative examining psychologist, opined that S.R.C. functions only at three-fourths of the age appropriate level in personal and behavioral pattern skills. The Magistrate Judge thoroughly reviewed the ALJ's decision. Plaintiff does not challenge the Magistrate Judge's conclusion in the Objections to the Magistrate Judge's Report and Recommendation.

Opinions from agency medical sources, including psychological consultants, are considered opinion evidence. 20 C.F.R. § 416.927(e). The regulations mandate that "[u]nless the treating physician's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do work for us." 20 C.F.R. § 416.927(e)(2)(ii).

The ALJ determined that Dr. Coleman's conclusion that the claimant functioned at three-fourths of the age appropriate level was inconsistent with the record, and that S.R.C.'s abilities were actually greater. The ALJ 's explanation satisfies the requirement of the regulations. Therefore, the Court finds that there is substantial evidence in the record to support the ALJ's findings regarding Dr. Saunders and Dr. Coleman.

Plaintiff also alleges that the ALJ failed to give considerable weight to the opinion of S.R.C.'s teachers, and failed to give valid reasons for rejecting the functionality assessment of social worker Ruby Akhigbe. The Magistrate Judge correctly points out that an ALJ is not required to set forth good reasons for rejecting the opinion of a social worker. The opinion of a social worker is not entitled to any particular weight, as it does not constitute an "acceptable medical source" but is merely an "other source." See 20 C.F.R. § 416.913(a), (d); *Hickox v. Comm'r of Soc. Sec.*, 2010 WL 3385528 (W.D. Mich.

Aug. 2, 2010) report and recommendation adopted, 2011 WL 6000829 (W.D. Mich. Nov. 30, 2011).

In this case, the Court's review of the record shows that the ALJ spent a full paragraph discussing the social worker's opinion, stating that she gave partial weight to the testimony. The Court finds that the requirement to consider the evidence of the social worker was satisfied. The Court agrees with the Magistrate Judge that even though Plaintiff may be dissatisfied with the ALJ's explanation, this does not afford her any basis for relief.

In her Objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts that the case should be remanded because the ALJ did not articulate her reasoning for rejecting the opinions of the social worker and teacher. The Court agrees with the Magistrate Judge that the opinion of a teacher is not entitled to any particular weight, as a teacher does not constitute an "acceptable medical source" but is rather an "other source." See 20 C.F.R. § 416.913(d)(2). However, it is clear that the ALJ considered the opinions of the teacher. The teacher questionnaire and the Evaluation Team Report were cited extensively in the decision. Again, the Court finds that the requirement of the ALJ to consider the evidence of the teacher was satisfied. In addition, the Court finds that the ALJ did articulate her reasoning behind her decisions.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit, and the Commissioner's decision denying SSI benefits is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #18) is ADOPTED and the Commissioner's denial of Plaintiff's Claim for Supplemental Security Income is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: 6/11/13**

                                     **s/Christopher A. Boyko**
                                     **CHRISTOPHER A. BOYKO**
                                     **United States District Judge**